MARY A. HOPKINS *vs.* CHRISTOPHER R. DROWNE.

PROVIDENCE—NOVEMBER 23, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Set-off of Judgments and Executions. Reversal of Parties. Pendency of Suits.*

The right to set-off judgments and executions applies only to cases in which the parties are reversed and sue and are sued in the same right.
To be entitled to such set-off the suits must be pending at the same time.

TRESPASS ON THE CASE for slander of title. After defendant's petition for a new trial had been denied (*ante*, p. 20), he with others began a suit against the plaintiff, and thereupon moved for a stay of execution on the judgment in the first action.

(1)    PER CURIAM. Our statutes, Gen. Laws R. I. cap. 246, § 9; cap, 257, § 3, governing the right to set-off of judgments and executions, apply only to cases in which the parties are reversed and sue and are sued in the same right. In this case the judgment obtained by the plaintiff on which execution is issued is in her individual right, while the suit which has been brought against her is not in favor of Christopher R. Drowne, individually, but jointly with others.

Moreover, to entitle the parties to a set-off of judgments, the suits by cap. 246, § 9, must be pending at the same time, and in the present instance the suit of Mary A. Hopkins went to final judgment and execution before the suit of Christopher R. Drowne and others was brought.

We think, therefore, that the motion for a stay of execution must be denied.

*John M. Brennan and Dennis J. Holland*, for plaintiff.

*Stephen A. Cooke, Louis L. Angell, Stephen O. Edwards, Walter F. Angell, Seeber Edwards, and Albert Gerald*, for defendant.